# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                               **Case # 4:08CR17-001**

**MARC JUNIOR THEMENE**

                                                       **USM # 80402-004**

                                                       **Defendant's Attorney:**
                                                       **Clifford Davis (Appointed)**
                                                       **P.O. Box 1057**
                                                       **Monticello, Florida 32345**

_____

### JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts 1 through 4 of the Indictment on August 7, 2008. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 371 and 1029(b)(2) | Conspiracy to Produce, Use and Traffic Counterfeit Access Devices | April 17, 2007 | 1 |
| 18 U.S.C. §§ 1029(a)(1), 1029(c) and 2 | Producing, Using and Trafficking in Counterfeit Access Devices | April 17, 2007 | 2 |
| 18 U.S.C. §§ 1028A and 2 | Aggravated Identity Theft | March 27, 2007 | 3 |
| 18 U.S.C. §§ 1028A and 2 | Aggravated Identity Theft | March 27, 2007 | 4 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
February 17, 2009

_s/ Stephan P. Mickle_

STEPHAN P. MICKLE
UNITED STATES DISTRICT JUDGE
Date _____March 9, 2009_____

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **fifteen (15) months** for each of Counts 1 and 2, both sentences to be served concurrently, and **twelve (12) months** for each of Counts 3 and 4, to be served concurrently with each other, but consecutively to the sentences imposed on Counts 1 and 2.

The Court recommends to the Bureau of Prisons that the defendant be housed in a facility in, or as close to, Miami, Florida as deemed eligible.

The defendant shall surrender to the United States Marshal in Tallahassee, Florida or to the institution designated by the Bureau of Prisons on **March 19, 2009, no later than 12:00 noon**. The bond is continued until the executed return of judgment is filed with the court, at which time the bond is exonerated.

RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years** as to Counts 1 and 2 and **one (1) year** as to Counts 3 and 4, all to run concurrently with each other..

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1.      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      the defendant shall support his or her dependents and meet other family responsibilities;

5.      the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7.      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.     the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12.     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.     if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.     The defendant shall report in person to the probation office in the district to which he is released within 72 hours of his release from the Bureau of Prisons.

2.     The defendant shall not own or possess a firearm, dangerous weapon or destructive device.

3.     The defendant shall submit to drug and alcohol testing, treatment and counseling.

4.     The defendant shall make all required child support payments, and shall cooperate with the Probation Office and any other state agency responsible for the establishment and enforcement of child support payments. The defendant shall not pay child support directly to the custodial parent, but must pay the child support through a government agency. Any child support that is paid directly to the custodial parent will not be credited.

5.     The defendant shall provide the probation officer with all requested financial information, both business and personal.

6.     The defendant shall pay any remaining restitution balance on a payment schedule of at least $200 per month commencing 60 days after release from imprisonment.

7.     The defendant shall cooperate with the probation department in the collection of DNA samples as required by 42 U.S.C. § 14135a.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.


_____        _____
Defendant                                                          Date


_____        _____
U.S. Probation Officer/Designated Witness              Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|:---:|:---:|:---:|
| $400.00 | NONE | $15,800.40 |

## SPECIAL MONETARY ASSESSMENT
A special monetary assessment of **$400.00** is imposed, and is due in full immediately

## FINE
No fine imposed

## RESTITUTION
Restitution in the amount of **$15,800.40** is imposed.

The defendant shall make restitution, jointly and severally with Ketlyne Joseph, Rodney Esteny, Judson Brunot, and John Thomas, to the following victims in the amounts listed below:

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Flag Credit Union | $290.56 | $290.56 |
| Wachovia Corporate | $1,567.19 | $1,567.19 |
| Eglin Federal Credit Union | $516.58 | $516.58 |
| Farmers & Merchants Bank | $344.39 | $344.39 |
| Tallahassee/Leon Federal Credit Union | $1,919.58 | $1,919.58 |
| USAA Federal Savings Bank | $848.84 | $848.84 |
| State Employees Credit Union | $1,564.28 | $1,564.28 |
| FIA Card Services | $3,110.88 | $3,110.88 |
| Bank of America | $1,773.02 | $1,773.02 |
| American Express Company | $1,544.42 | $1,544.42 |
| Sun Trust Bank | $65.80 | $65.80 |
| Capital One | $419.20 | $419.20 |
| Wakulla Bank | $828.27 | $828.27 |
| Capital City Bank | $250.51 | $250.51 |
| Discover Financial Services, Inc. | $590.30 | $590.30 |
| FRESH | $94.57 | $94.57 |
| Pac Sun | $72.01 | $72.01 |

The Court has determined that the defendant does not have the ability to pay interest.  It is **ORDERED** that:  In the interest of justice, interest on restitution is hereby waived.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.  The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.